**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No.  1:96-CR-00142** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **ANTOINE JOHNSON** | : | **MEMORANDUM & ORDER** |
| **Defendant.** | : | |

Before the Court is Defendant Antoine Johnson's Motion for Modification of his Sentence. (Doc. 90).  For the foregoing reasons, Johnson's Motion is **DENIED**.

**BACKGROUND**

In 1998, a jury found Johnson guilty of intent to distribute 11.42 grams of cocaine base ("crack cocaine") and knowing possession of a firearm.[1]  While these two offenses would ordinarily have resulted in a base offense level of 28, Johnson was also found to be a career offender, raising his total offense level to 37, with a criminal history of VI.  At sentencing, this Court found that a guideline range of 37-VI somewhat overstated the Defendant's criminal history.  Based on that conclusion and the Defendant's young age, the Court departed downward to offense level 35 and a criminal history V.[2]  Johnson was ultimately sentenced to a term of imprisonment for slightly less than 22 years.

---

[1] Johnson, a felon, was prohibited by 18 U.S.C. §922(g)(1) from firearm possession.

[2] The classification of 37-VI carries a sentence of 360 months to life, while 35-V results in a sentence of 262 to 327 months.

**DISCUSSION**

Courts are instructed to retroactively reduce the sentences of many defendants who were convicted of offenses relating to crack cocaine. *See United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009) (per curiam). These new guidelines generally require courts to lower sentences of impacted defendants by two levels. *See United States v. Flowers*, No. 01-CR-271, 2009 U.S. Dist. LEXIS 5331, at *4-5 (D. Or. Jan. 21, 2009); *accord United States v. Johnson*, 553 F.3d 990, 993 (6th Cir. 2009) ("The district court lowered [defendant's] base offense level by two levels pursuant to the amended cocaine base (crack) Guidelines, which became effective on November 1, 2007.").

Those circuits to have considered the issue have concluded that such a reduction does not apply to a defendant convicted of crack cocaine related offense who is sentenced as a career offender. *McGee*, 553 F.3d at 227 (collecting cases). The Second Circuit, however, recently found that a reduction under the new sentencing guidelines is appropriate when the district court departed "from the career offender guideline range down to the crack guideline range... [for] a defendant whose post-departure sentence was, as in this case, explicitly based on the crack cocaine guidelines." *Id*. at 227 – 228. Collectively, these cases stand for the somewhat unremarkable proposition that a court should adjust a sentence when it is explicitly based on the crack cocaine guidelines, but should leave undisturbed a sentence for which there exists an independent basis. *Accord Flowers*, 2009 U.S. Dist. LEXIS 5331, at *9-10.[3]

---

[3] Career offenders who are convicted of crimes relating to crack cocaine do indeed receive greater sentences than those offenders convicted of crimes relating to powder cocaine, but this disparity is based on congressional statute rather than any sentencing guideline. *See United States v. Liddell*, 543 F.3d 877, 882 (7th Cir. 2008) (containing a thoughtful illustration of this distinction).

Johnson himself was not sentenced pursuant to the prior crack cocaine guidelines, rather, he was sentenced as a career offender.  *Accord United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008) ("Here, the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1.  The defendants' base offense levels under § 2D1.1 played no role in the calculation of these ranges.").  He is, therefore, not eligible for a sentence reduction.  *See id*. at 1327-28 ("[A] reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.") (citation omitted); *see also United States v. Clark*, No. NO. 07-43, 2008 U.S. Dist. LEXIS 94221, at *5-6 (E.D. Ky. Nov. 18, 2008) ("[Defendant's] sentencing range was based on his status as a Career Offender and not because his offense involved cocaine base.  Accordingly, he is not eligible for a sentence reduction, and this Court has no authority to grant such a reduction."); *United States v. Perdue*, No. 1:99-CR-00334, 2008 U.S. Dist. LEXIS 84824, *8 (N.D. Ohio Sept. 23, 2008) (same).  In other words, "even if Petitioner were sentenced under the current Guidelines, his sentence would still be 'based on' the career offender designation." *United States v. Phillips*, No. 00-419-08, 2009 U.S. Dist. LEXIS 29256, at *10 (E.D. Pa. Apr. 2, 2009).[4]

---

[4] Johnson also asks this Court to retroactively apply Amendment 709 regarding the definition of separate "strikes" for purposes of the career offender classification, which Johnson contends would compel the conclusion that he is not a career offender.  Amendment 709, however, "is not retroactive."  *United States v. Cofield*, 259 Fed. Appx. 575, 576 (4th Cir. 2007); *see also United States v. Galvez*, No. 08-10553, 2009 U.S. App. LEXIS 7937, at *2-3 (5th Cir. Apr. 15, 2009); *United States v. Hidalgo*, No. 08-1807, 2009 U.S. App. LEXIS 2545, at *6 (3d Cir. Feb. 5, 2009); *United States v. Tyner*, No. 08-3161, 2008 U.S. App. LEXIS 25204, at *6-7 (10th Cir. Dec. 12, 2008).

**CONCLUSION**

For the aforementioned reasons, Johnson's Motion for Modification of his Sentence (Doc. 90) is **DENIED**.[5]

**IT IS SO ORDERED.**

> **s/Kathleen M. O'Malley**
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: April 29, 2009**

---

[5] Johnson's Motion for a Resentencing Hearing (Doc. 98) is also **DENIED**.  Johnson's Motion to disregard the Public Defender's Request to be Appointed as Counsel (Doc. 95) is **MOOT**.